UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CR-14-049-R-1 |
| ) | |
| MIGUEL ESCRIBANO FAURE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's pro se "Request to Correct 'Offensive Level' Error" [Doc. No. 106], in which Defendant asks the Court to reduce the level of his offense by two points.

On July 26, 2013, Defendant was charged by Criminal Complaint with one count of knowing distribution of 100 or more grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) [Doc. No. 1]. Defendant pled guilty to the federal charge and was sentenced to a term of imprisonment of 360 months [Doc. No. 64]. Defendant's motion now asks the Court to apply a two-point reduction to his "Offensive Level," a reduction he argues should have been applied during his sentencing in 2014.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Although "[f]ederal district courts do have original jurisdiction over cases charging federal crimes[,]" that "jurisdiction ends when the district court enters final judgment in the criminal case and the time to appeal that judgment has expired." *United States v. James*, 728 Fed. App'x 818, 822 (10th Cir. 2018) (unpublished) (citing 18 U.S.C. § 3231; *United States v. Wahi*, 850 F.3d 296, 300 (7th Cir. 2017))

1

(additional citations omitted). Beyond that, "a district court has jurisdiction only to the extent permitted by statute or rule." *Id.* (citing *United States v. Spaulding*, 802 F.3d 1110, 1112 (10th Cir. 2015)); *see also United States v. Woods*, No. 15-3304, 2016 WL 3457754, at *2 (10th Cir. June 21, 2016) (explaining that the court's original jurisdiction over criminal cases "by itself doesn't give the district court jurisdiction over all post-conviction motions").

Congress has authorized district courts to modify sentences after final judgment in various circumstances under 18 U.S.C. § 3582(c). However, Defendant does not request a modification to his sentence, but rather a correction to the Offense Level determined at his sentencing. Specifically, Defendant contends that plain error occurred when, despite the sentencing judge sustaining an objection to a particular two-point increase to his Offense Level, that two-point increase was applied anyway. But after examining the sentencing judge's Statement of Reasons regarding Defendant's sentence, the Court notes the clear findings sustaining "defense counsel's objection to the two-level enhancement pursuant to 2D1.1(b)(2) for making a credible threat of violence. Therefore, the Total Offense Level was reduced [from 41] to 39; however, his reduction had no impact on the advisory guideline range." Doc. No. 65 at p. 1. Thus, even construing his arguments liberally, the Court is unable to determine precisely what relief Defendant requests and what basis for jurisdiction he grounds his request upon.

Accordingly, Defendant's "Request to Correct 'Offensive Level' Error" [Doc. No. 106] is DISMISSED.

IT IS SO ORDERED this 4th day of November, 2025.

*David L. Russell*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE